**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LANDON L. WILLIAMS,

        Plaintiff,

vs.                                  Case No. 3:15-cv-1275-J-32MCR

FINANCIAL INDUSTRY REGULATORY
AUTHORITY ("FINRA"); and LAURA
LEIGH BLACKSTON, Esq., individually
and in her official capacity,

        Defendants.

## ORDER

On October 26, 2015, the Court entered an Order (Doc. 3) denying pro se plaintiff's motion for temporary restraining order because he had failed to file a complaint to accompany his motion. The Court determined it could not delay ruling because the matter plaintiff sought to enjoin was scheduled for today, Tuesday, October 27, 2015. However, at 4:00 p.m. on Monday, plaintiff did file a complaint (Doc. 4).

Although the Court has already ruled on the temporary restraining order, it assumes plaintiff would wish to renew the motion in light of the filing of his complaint. The Court therefore has reviewed the matter anew, but again finds that plaintiff is not entitled to a temporary restraining order. To secure a temporary restraining order or preliminary injunction, plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief

would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

In his motion for temporary restraining order, plaintiff claims the Financial Industry Regulatory Authority ("FINRA") has violated his rights to public accommodation under Title III of the ADA by requiring him to visit FINRA's facility in New Orleans if he wishes to review exhibits from a prior FINRA interview to which plaintiff was a party.  Plaintiff is scheduled to appear at a second FINRA interview today, Tuesday, October 27, 2015, and wishes to review the transcript and exhibits of the prior interview before proceeding with today's interview.[1]  In his motion, plaintiff seeks to have the Court enjoin FINRA from going forward with the scheduled October 27, 2015 interview and to require FINRA to provide the transcript and exhibits to plaintiff in Jacksonville before scheduling any further proceeding. Plaintiff also moves to enjoin defendant Laura Leigh Blackston from participating in the interview on the grounds that she is not a member of The Florida Bar.  Plaintiff filed a memorandum of law and numerous documents in support.  See Doc. 2 & Doc. 1 exhibits.

Plaintiff has not demonstrated a likelihood of success of proving his claim against FINRA nor against Laura Leigh Blackston.  As to FINRA, Plaintiffs contends that FINRA's headquarters in New Orleans is a building of public accommodation and that FINRA therefore must comply with the ADA (Count I).  But plaintiff is not seeking access to that building, rather, he complains of a FINRA policy requiring review of exhibits at FINRA's

---

[1]Plaintiff also seems to complain that FINRA wanted to hold the October 27, 2015 interview in New Orleans but the interview appears to be scheduled for Jacksonville so the Court finds that point to be moot. See Doc. 1, Ex. G.

offices.  Thus, even assuming FINRA's building is one of public accommodation, plaintiff has not demonstrated a substantial likelihood of proving a claim under Title III of the ADA.[2]  See Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1241 (11th Cir. 2000) (explaining the limits of a public accommodations claim).

Likewise, plaintiff has not established a substantial likelihood of success on the merits of his claim against Laura Leigh Blackston (Count III).  First, plaintiff has not established that participation in a FINRA interview is a proceeding constituting the practice of law.  Second, even if it is, no private right of action exists in Florida for individuals to pursue an unauthorized practice of law claim.  Gonczi v. Countrywide Home Loans, Inc., 271 F. App'x 928, 929-30 (11th Cir. 2008).

Because plaintiff has not established a substantial likelihood of success as to his claims against FINRA or Laura Leigh Blackston[3], his motion for temporary restraining order (Doc. 1) is still due to be denied.

---

[2] Nor would the Court construe plaintiff's complaint as raising claims under Title I (employment) or Title II (public programs).  Although plaintiff's complaint alleges that FINRA is an employer, he does not allege that FINRA is or was his employer (indeed, he alleges Merrill Edge was his employer).  And, while the gravaman of plaintiff's complaint seems to be that FINRA won't provide him copies of exhibits (its policies allow copies of transcripts to be purchased), plaintiff has not established that FINRA is a public entity within the meaning of Title II of the ADA, nor that access to exhibits is a public program.  Cf. American Ass'n of People with Disabilities v. Harris, 647 F.3d 1093, 1107 (11th Cir. 2011) (holding that public entities must provide access to public programs such as voting under Title II of the ADA).

[3] Although not named as a defendant, Count II of plaintiff's complaint appears to be against his former employer, Merrill Edge.

**DONE AND ORDERED** at Jacksonville, Florida at 10:27 a.m. this 27th day of October, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff